IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LYDIA JOHNSON,

     Petitioner,           No. 2:12–cv-1650 GGH P

     vs.

WALTER MILLER, Warden,[1]

     Respondent.         ORDER TO SHOW CAUSE

_____/

     Petitioner has filed a putative petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

     Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

---

[1] "A petitioner for habeas corpus relief must name the state officer having custody of him or her as the respondent to the petition. This person typically is the warden of the facility in which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir.1992)." Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule 2(a), 28 U.S.C. foll. § 2254). "Failure to name the petitioner's custodian as a respondent deprives federal courts of personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th Cir.1989)." Stanley, supra, at 360. In the instant action, as petitioner failed to identify any respondent, the court has provided the name of the warden of the facility where petitioner is housed as respondent.

1

This case was transferred from the Northern District. Petitioner has consented to the jurisdiction of the undersigned.

Examination of this action and the court's records reveals that the petitioner has previously filed a petition for relief, seemingly in the same matter, (No. 2:12-cv-0381 GEB GGH P).[2] An answer in the prior petition was filed on August 27, 2012, and the time for filing any traverse/reply has not expired, such that the petition has yet to be submitted.

This petition would appear to be duplicative, and to the extent that it is not, it is successive. A successive petition must be authorized by the Ninth Circuit before petitioner may proceed. See 28 U.S.C. 2244(b)(3); Rule 9, Rules Governing Section 2254 Cases. Accordingly, petitioner shall show cause within 21 days of the filing of this order why this action should not be summarily dismissed – that is, why is this action different from the other action.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to proceed in forma pauperis is granted;

2. The Clerk of the Court is directed to substitute in Walter Miller, Warden, as respondent in this action;

3. Petitioner is ordered to show cause within 21 days why this petition is not duplicative and/or successive with respect to No. 2: 12-cv-0381 GEB GGH.

DATED: September 12, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:009
john1650.ord

---

[2] A court may take judicial notice of court records. See MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).