1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   LYDIA JOHNSON,

11              Petitioner,                     No. 2:12–cv-1650 GGH P

12        vs.

13   WALTER MILLER, Warden,[1]

14              Respondent.                     ORDER TO SHOW CAUSE

15   _____/

16              Petitioner has filed a putative petition for writ of habeas corpus pursuant to 28

17   U.S.C. § 2254, together with an application to proceed in forma pauperis.

18              Examination of the in forma pauperis application reveals that petitioner is unable

19   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

20   granted.  See 28 U.S.C. § 1915(a).

21   _____

22        [1]  "A petitioner for habeas corpus relief must name the state officer having custody of
     him or her as the respondent to the petition.  This person typically is the warden of the facility in
23   which the petitioner is incarcerated. Brittingham v. United States, 982 F.2d 378, 379 (9th
     Cir.1992)."  Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (citing Rule
24   2(a), 28 U.S.C. foll. § 2254).  "Failure to name the petitioner's custodian as a respondent
     deprives federal courts of  personal jurisdiction. Id.; Dunne v. Henman, 875 F.2d 244, 249 (9th
25   Cir.1989)."  Stanley, supra, at 360.  In the instant action, as petitioner failed to identify any
     respondent, the court has provided the name of the warden of the facility where petitioner is
26   housed as respondent.

1

1    This case was transferred from the Northern District.  Petitioner has consented to

2    the jurisdiction of the undersigned.

3    Examination of this action and the court's records reveals that the petitioner has

4    previously filed a petition for relief, seemingly in the same matter, (No. 2:12-cv-0381 GEB GGH

5    P).[2]  An answer in the prior petition was filed on August 27, 2012, and the time for filing any

6    traverse/reply has not expired, such that the petition has yet to be submitted.

7    This petition would appear to be duplicative, and to the extent that it is not, it is

8    successive.  A successive petition must be authorized by the Ninth Circuit before petitioner may

9    proceed.  See 28 U.S.C. 2244(b)(3); Rule 9, Rules Governing Section 2254 Cases.  Accordingly,

10   petitioner shall show cause within 21 days of the filing of this order why this action should not be

11   summarily dismissed – that is, why is this action different from the other action.

12   Accordingly, IT IS HEREBY ORDERED that:

13   1.  Petitioner's motion to proceed in forma pauperis is granted;

14   2.  The Clerk of the Court is directed to substitute in Walter Miller, Warden, as

15   respondent in this action;

16   3.  Petitioner is ordered to show cause within 21 days why this petition is not

17   duplicative and/or successive with respect to No. 2: 12-cv-0381 GEB GGH.

18   DATED: September 12, 2012

19

20   /s/ Gregory G. Hollows
     UNITED STATES MAGISTRATE JUDGE

21

22   GGH:009
     john1650.ord

23

24

25

26   _____
     [2]  A court may take judicial notice of court records.  See MGIC Indem. Co. v. Weisman,
     803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

2